# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| BRANDY YARNELL | ) | |
|     Plaintiff | ) | |
| | ) | |
| VS. | ) | 6:22-cv-3123 |
| | ) | |
| MERCY CLINIC | ) | |
| SPRINGFIELD COMMUNITIES | ) | |
|     Defendant | ) | JURY TRIAL DEMANDED |

## **COMPLAINT**

PLAINTIFF, by counsel, sets forth her Complaint against Defendant as follows:

1. This cause of action is brought pursuant to Title VII of the Civil Rights Act of 1964.

2. The events giving rise to this cause of action occurred within the geographical jurisdiction of the Western District of Missouri.

3. Defendant is a Missouri Nonprofit Corporation operating a clinic in Bolivar, Polk County, Missouri.

4. Plaintiff was an employee of Defendant as nurse practitioner at its location in Bolivar, Missouri from March 2017 to January 2021.

5. Plaintiff is female.

6. On or about July 17, 2020 Plaintiff made a complaint to Defendant that Plaintiff's supervisor Corrie Akin had discriminated against Plaintiff because of Plaintiff's sex and that Akin had made unwanted comments of a sexual nature regarding Plaintiff's clothing and appearance.

7. Said complaint was made pursuant to Defendant's policies regarding reporting of harassment and discrimination in the workplace.

8. On or about September 9, 2020 Defendant gave Plaintiff a Corrective Action form, stating that Plaintiff had been tardy to work on September 7, 2020.

9. Plaintiff had been tardy on September 7 due to a medical issue.

10. Other employees of Defendant are not given Corrective Actions for being tardy or for medical issues.

11. Said Corrective Action of September 9 was made in retaliation for Plaintiff's

complaint of sexual discrimination and harassment.

12. On November 30, 2020 Plaintiff was given another Corrective Action with a Final Warning, for issues relating to Plaintiff's in-basket and patient calls.

13. Other employees were not given Corrective Actions for the same alleged issues as Plaintiff.

14. Said Corrective Action of November 30 was also made in retaliation for Plaintiff's complaint of sexual discrimination and harassment.

15. On or about December 14, 2020 Corrie Akin wrote an email to multiple employees of Defendant stating, "At this point everything is going to make this look like a witch hunt" in regards to Plaintiff's prior complaints and Corrective Actions.

16. In that same email, Akin also stated that, "As for the team not giving [Plaintiff] a chance to redeem herself, I agree."

17. Defendant's policy is to give individuals accused of wrongdoing the opportunity to answer or refuse said allegations.

18. Plaintiff was not provided with the same opportunities to answer or refuse any allegations against her that were provided to other employees, pursuant to Defendant's policy.

19. On December 29, 2020 Plaintiff received yet another Corrective Action Form.

20. Said Corrective Action was also made in retaliation for Plaintiff's prior complaint.

21. Between December 29, 2020 and January 26, 2021 Plaintiff made complaints to Plaintiff's collaborating physician, Dr. Greg Link, that Defendant had been looking for reasons to terminate Plaintiff's employment in retaliation for Plaintiff's prior complaint.

22. On January 26, 2021 Defendant terminated Plaintiff's employment.

23. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's complaints of sexual harassment and discrimination, and for her complaints of retaliation.

24. On or about February 25, 2021 Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and US Equal Employment Opportunity Commission alleging sex discrimination and retaliation. A true and accurate copy of the charge is attached hereto as Exhibit 1 and incorporated herein by reference.

25. On February 27, 2022 the EEOC issued Plaintiff a Notice of Right to Sue. A true and accurate copy is attached hereto as Exhibit 2 and incorporated herein by reference.

26. As a result of Defendant's actions Plaintiff has been damaged.

27. Defendant's actions were willful and made with reckless indifference or evil motive.

28. Plaintiff demands a Trial by Jury on all matters so triable.

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, including lost wages, emotional distress, punitive damages, costs, and attorney fees, and such other relief as is just and lawful.

LAMPERT LAW OFFICE, LLC

By:/s/ Raymond Lampert
   Raymond Lampert, #57567
   2847 S. Ingram Mill Rd., Ste A-100
   Springfield, MO 65804
   Phone: (417) 886-3330
   Fax: (417) 886-8186
   ray@lampertlaw.net
   *Attorney for Plaintiff*